UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN H. SIMMS,
    Plaintiff,

vs.

BUTLER COUNTY SHERIFF'S,
OFFICE CORRECTIONS DIVISION
    Defendant.

Case No. 1:16-cv-247

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Butler County Jail (BCJ) in Hamilton, Ohio, has filed a civil complaint. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.

1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the Butler County Sheriff's Office Corrections Division. (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 12). Plaintiff alleges in the complaint that BCJ's "laundry system is extremely unsanitary." (*Id.*, p. 5, at PAGEID#: 13). Plaintiff specifically complains that "three hundred eighty four dirty inmates' articles [are washed] together including personals," *i.e.*, "socks, underwear, boxers, thermal tops, thermal bottoms," and that "we never rec[ei]ve the same towel unless it's sent with personals." (*Id.*). Plaintiff also complains that although the women housed at BCJ have their own washer and dryer, "their smocks are washed with ours." (*Id.*). Plaintiff claims that the laundry system caused him to develop eczema and that he now has to use a therapeutic moisturizing cream to treat the skin disease for the rest of his life. (*Id.*). As relief, plaintiff requests $150,000 in damages. (*Id.*, p. 6, at PAGEID#: 14).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. This Court lacks diversity jurisdiction to consider any claim by plaintiff sounding in state tort law because both plaintiff and the defendant are located in Ohio. In order to state a viable federal claim under 42 U.S.C. § 1983, plaintiff

3

must allege facts showing that he was deprived of "a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

Here, plaintiff's complaint against a department of the Butler County Sheriff's Office is subject to dismissal because the defendant is not *sui juris* and, therefore, lacks the capacity to be sued under § 1983. *See, e.g., Bay v. Clermont Cnty. Sheriff's Dep't,* No. 1:08cv376, 2009 WL 2495774 (S.D. Ohio Aug. 12, 2009) (Dlott, J.; Black, M.J.) (and cases cited therein) (granting a motion to dismiss the county sheriff's department as a defendant in a prisoner civil rights action); *Sherrills v. Cuyahoga Cnty. Corr. Ctr.,* No. 1:09cv1152, 2012 WL 3112308, at *2 (N.D. Ohio July 31, 2012) (foonote citations and internal quotation marks omitted) (in holding that only the county was the proper defendant, the district court pointed out that "[i]n addressing whether or not a county sheriff's department or its internal offices and departments can be properly named as a defendant in a § 1983 action, courts have consistently approved the dismissal of the county sheriff's department, the county sheriff's office, or its internal offices or divisions for the same reason: A county sheriff's office is not a legal entity capable [of being sued] for purposes of § 1983"); *Petty v. Cnty. of Franklin, Ohio,* No. 2:04cv245, 2006 WL 571871, at *3 (S.D. Ohio Mar. 6, 2006) (quoting *Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000), in turn citing *Batchik v. Summit Cnty. Sheriff's Dep't*, No. 13783, 1989 WL 26084 (Ohio Ct. App. Mar. 15, 1989)) (holding that the county Sheriff's Office was entitled to dismissal of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6) because "'[u]nder Ohio law, a county sheriff's office is not a legal entity that is capable of being sued' for purposes of § 1983"), *aff'd*, 478 F.3d 341, 347 (6th Cir. 2007). Even if the Court were to liberally construe the complaint as brought against

4

Butler County, plaintiff has failed to state an actionable claim in the absence of any allegation that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated by the county." *See Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation) (quoting *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); citing *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007)), *adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.). *Cf. Baynes v. Cleland*, 799 F.3d 600, 620-22 (6th Cir. 2015).

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/28/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN H. SIMMS,
    Plaintiff,

vs.

BUTLER COUNTY SHERIFF'S
OFFICE CORRECTIONS DIVISION,
    Defendant.

Case No. 1:16-cv-247

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc